QIANWU YANG  (Cal. Bar No. 336610)
yang@shm.law
YI YI (Cal. Bar No. 353482)
yi.yi@shm.law
AOYU YANG (Cal. Bar No. 360674)
yang.aoyu@shm.law
**SHM LAW FIRM**
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737
Telephone:+8613925212009

*Attorneys for Plaintiffs*
iBeauty Limited Company,
Dongguan Xianghuo Trading Co., Ltd.,
Dongguan Laiyang Trading Co., Ltd.,
Guangzhou Linyu Trading Co., Ltd.,
Guangzhou Lincan Electronic Technology Co., Ltd., and
Guangzhou Senran Electronic Technology Co., Ltd.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| iBeauty Limited Company, Dongguan Xianghuo Trading Co., Ltd., Dongguan Laiyang Trading Co., Ltd., Guangzhou Linyu Trading Co., Ltd., Guangzhou Lincan Electronic Technology Co., Ltd., and Guangzhou Senran Electronic Technology Co., Ltd., <br><br> Plaintiffs, <br><br> v. <br><br> Dbest Products, Inc., | **COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF** <br><br> DEMAND FOR JURY TRIAL |

COMPLAINT FOR DECLARATORY
JUDGMENT AND OTHER RELIEF          - 1 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

1    Defendant.

2

3    Plaintiffs iBeauty Limited Company, Dongguan Xianghuo Trading Co., Ltd.,

4    Dongguan Laiyang Trading Co., Ltd., Guangzhou Linyu Trading Co., Ltd.,

5    Guangzhou Lincan Electronic Technology Co., Ltd and Guangzhou Senran

6    Electronic Technology Co., Ltd. (collectively, "Plaintiffs"), hereby file this

7    Complaint against Defendant Dbest Products, Inc. ("Defendant" or "Dbest"), and

8    allege as follows:

## NATURE OF THE ACTION

9    1.    This action arises under the Declaratory Judgment Act, 28 U.S.C. §

10   2201 *et seq.*, and the United States Patent Act, 35 U.S.C. § 1 *et seq.* Plaintiffs seek

11   declaratory judgments that U.S. Patent Nos. 12,275,446 ("the '446 Patent")  and

12   12,304,546 ("the '546 Patent") (collectively, the "Patents-in-Suit") are not infringed

13   by Plaintiffs' storage bin products ("Non-Infringing Products"). True and correct

14   copies of the '446 and the '546 Patents are attached hereto as Exhibit 1 and Exhibit

15   2.

16   2.    Plaintiffs bring this action in view of the actual controversy created by

17   Defendant under the '446 and '546 Patents.

18   3.    Upon information and belief, Defendant submitted multiple patent

19   infringement complaints to Amazon, resulting in the removal of Plaintiffs' listings

20   for their Non-Infringing Products from Amazon.com.

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

4.      This action further arises under the laws of the state of California. Plaintiffs seek an order remedying Defendant's tortious interference and unfair competition.

### THE PARTIES

5.      Plaintiff iBeauty Limited Company is a corporation organized under Colorado law with its principal place of business at 201 E Center St, Suite 112 #3500, Anaheim, CA 92805, United States.

6.      Plaintiff Dongguan Xianghuo Trading Co., Ltd. is a Chinese company, with a principal place of business at Room 403, No.22, Zhenhua Road, Humen District, Humen Town, Dongguan, Guangdong, China.

7.      Plaintiff Dongguan Laiyang Trading Co., Ltd. is a Chinese company, with a principal place of business at Room 301, No. 8, Lane 9, Zexu Datang, Humen Town, Dongguan, Guangdong, China.

8.      Plaintiff Guangzhou Linyu Trading Co., Ltd. is a Chinese company, with a principal place of business at 206, Building 9, No. 313 Guangyun Road, Jiahe Street, Baiyun District, Guangzhou, Guangdong, China.

9.      Plaintiff Guangzhou Lincan Electronic Technology Co., Ltd. is a Chinese company, with a principal place of business at No. 41, Yunlong Road, Baiyun District, Guangzhou, China.

10.      Plaintiff Guangzhou Senran Electronic Technology Co., Ltd. is a

Chinese company, with a principal place of business at Room 401, No.12, Danyuan

1 Henglu, Pengshang, Lianbian, Baiyun District, Guangzhou, China.

11.    Upon information and belief, Dbest Products, Inc. is a corporation organized under California law with its principal place of business at 16506 South Avalon Boulevard, Carson, CA 90746, USA.

12.    Dbest is not a legitimate innovator but a patent pirate that abuses Amazon's intellectual property enforcement system to eliminate competition. By submitting baseless complaints through Amazon's internal enforcement procedures, Dbest has engaged in a pattern of tortious interference with the business relationships of lawful sellers on the platform.

13.    In one such instance, on or about December 5, 2024, Dbest submitted an infringement complaint against another seller's shoe box product, which resulted in the removal of that seller's listings from Amazon.com. In response, the seller filed a declaratory judgment action asserting that the asserted U.S. Patent No. 12,103,576 was procured through inequitable conduct, and seeking, on that basis, a judgment of non-infringement, invalidity, and other appropriate relief. On January 23, 2025, rather than defend the merits of its claim, Dbest issued a covenant not to sue to evade judicial scrutiny and prompt dismissal of the case. *See* Exhibit 3.

14.    Upon further information and belief, the Patents-in-Suit—U.S. Patent Nos. 12,275,446 and 12,304,546—are not genuine inventions but rather copycat

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

COMPLAINT FOR DECLARATORY
JUDGMENT AND OTHER RELIEF                    - 4 -

1    filings in a field already crowded with prior art. Numerous prior art references,

2    including widely available commercial products, predate the alleged inventions and

3    render the Patents-in-Suit invalid as either anticipated under 35 U.S.C. § 102 or

4    obvious under 35 U.S.C. § 103.

5        15.    For instance, storage box products such as the one sold at

6    B07YFFPK7B were publicly available as early as 2019, well before the earliest

7    effective filing dates of the Patents-in-Suit. The Patents-in-Suit offer no meaningful

8    advancement over these existing products. Instead, they attempt to claim subject

9    matter that was already known and used in the public domain.

10

11                    **JURISDICTION AND VENUE**

12        16.    This action arises under the Declaratory Judgment Act, 28 U.S.C. §

13    2201, *et seq.*, the United States Patent Act, 35 U.S.C. § 1, *et seq.,* and the laws of the

14    state of California. This Court has subject matter jurisdiction over this action

15    pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a) because an actual case or

16    controversy currently exists between the Parties regarding the subject matter of this

17    action, and the Court would have subject matter jurisdiction over this action if

18    Defendant initiated suit for patent infringement.

19        17.    The Court has subject matter jurisdiction over the state law claims

20    asserted in this action pursuant to 28 U.S.C. § 1367(a) because they are so related to

COMPLAINT FOR DECLARATORY
JUDGMENT AND OTHER RELIEF                - 5 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

the declaratory judgment claims that they form part of the same case or controversy.

18.    The Court has personal jurisdiction over Dbest Products, Inc. based on information and belief that Dbest Products, Inc. is domiciled in California and within this judicial district.

19.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2). A substantial part of the events giving rise to the claims occurred in this District, including the resulting lost sales and reputational harm. Plaintiffs market and sell products in this District and suffered injury here as a direct result of Defendant's conduct.

## FACTUAL BACKGROUND

A.    **The Non-Infringing Products**

20.    Plaintiff iBeauty Limited Company sells storage bins on Amazon.com under the storefront "IBEAUTY LIMITED COMPANY." The models of the storage bins sold by iBeauty Limited Company at issue are 1579-4 pack, 1574 and 1530. These products are identified by ASINs, including but not limited to B0CW97NT2B, B0CHRNM2YF and B0DCDQSNF5.

21.    On or about June 25, 2025, iBeauty Limited Company received a notification from Amazon. This notice informed iBeauty Limited Company that Amazon removed its listings of the above ASINs, because of the alleged infringement of the '446 and '546 Patents.

COMPLAINT FOR DECLARATORY
JUDGMENT AND OTHER RELIEF                - 6 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

22.     Plaintiff Dongguan Xianghuo Trading Co., Ltd. sells storage bins on Amazon.com under the storefront "XIANGHUO." The models of the storage bins sold by Dongguan Xianghuo Trading Co., Ltd. at issue are 1579-4Pack, 1579-3Pack, 35QT 1579, 1916, 1585, 9012, and 1585. These products are identified by ASINs, including but not limited to B0CHRP96MS, B0CC5YKT2T, B0CFQG78HJ, B0DRVSRTDV, B0CGZP8NMX, B0D6QRMDQ6, B0F2MMFQZL, and B0F6N56J3Z.

23.     On or about June 25, 2025, Dongguan Xianghuo Trading Co., Ltd. received a notification from Amazon. This notice informed Dongguan Xianghuo Trading Co., Ltd. that Amazon removed its listings of the above ASINs, because of the alleged infringement of the '446 and '546 Patents.

24.     Plaintiff Dongguan Laiyang Trading Co., Ltd. sells storage bins on Amazon.com under the storefront "LYUSDD." The models of the storage bins sold by Dongguan Laiyang Trading Co., Ltd. at issue are 1916, 1585 and 1578. These products are identified by ASINs, including but not limited to B0BQ3H7PT8 , B0DSZWS244 and B0D1QK93WH.

25.     On or about June 25, 2025, Dongguan Laiyang Trading Co., Ltd. received a notification from Amazon. This notice informed Dongguan Laiyang Trading Co., Ltd. that Amazon removed its listings of the above ASINs, because of the alleged infringement of the '446 and '546 Patents.

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

26.    Plaintiff Guangzhou Linyu Trading Co., Ltd. sells storage bins on Amazon.com com under the storefront "LINYU-US." The models of the storage bins sold by Guangzhou Linyu Trading Co., Ltd. at issue is 1585. These products are identified by ASINs, including but not limited to  B0D7HJLRXM.

27.    On or about June 25, 2025, Guangzhou Linyu Trading Co., Ltd. received a notification from Amazon. This notice informed Guangzhou Linyu Trading Co., Ltd. that Amazon removed its listings of the above ASIN, because of the alleged infringement of the '446 and '546 Patents.

28.    Plaintiff Guangzhou Lincan Electronic Technology Co., Ltd. sells storage bins on Amazon.com com under the storefront "jolyhome." The models of the storage bins sold by Guangzhou Lincan Electronic Technology Co., Ltd. at issue are 1916 and 1585. These products are identified by ASINs, including but not limited to B0BQ3H7PT8 and B0DSZWS244.

29.    On or about June 25, 2025, Guangzhou Lincan Electronic Technology Co., Ltd. received a notification from Amazon. This notice informed Guangzhou Lincan Electronic Technology Co., Ltd. that Amazon removed its listings of the above ASINs, because of the alleged infringement of the ' 446 and '546 Patents.

30.    Plaintiff Guangzhou Senran Electronic Technology Co., Ltd. sells storage bins on Amazon.com com under the storefront "senran-US." The models of

COMPLAINT FOR DECLARATORY
JUDGMENT AND OTHER RELIEF                - 8 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

the storage bins sold by Guangzhou Senran Electronic Technology Co., Ltd. at issue is 1916. These products are identified by ASINs, including but not limited to B0CGZNGC36.

31.     On or about June 25, 2025, Guangzhou Senran Electronic Technology Co., Ltd. received a notification from Amazon. This notice informed Guangzhou Senran Electronic Technology Co., Ltd. that Amazon removed its listings of the above ASIN, because of the alleged infringement of the '446 and '546 Patents.

32.     The Amazon marketplace constitutes Plaintiffs' primary sales channel into the United States. To remain competitive in the United States market for storage bins, Plaintiffs need those Non-Infringing Products listed in the Amazon marketplace. Amazon has removed Plaintiffs' Non-Infringing Products from the marketplace, preventing Plaintiffs from accessing their largest channel of trade because of Defendant's alleged infringement complaint to Amazon. Thus, Defendant's submission of Amazon infringement complaint has caused immediate and substantial harm to Plaintiffs.

**B.     The Patent-In-Suit**

**1.     The '446 Patent**

33.     The '446 Patent lists dbest products, Inc. as the applicant and assignee. *See* Exhibit. 1,  the '446 Patent, at 1.

COMPLAINT FOR DECLARATORY
JUDGMENT AND OTHER RELIEF                - 9 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

34.     The '446 Patent, titled "High load capacity collapsible carts," describes its purported invention as "Compressible carts."

35.     Claims 1, 10, 16 and 22 are the only independent claims of the '446 Patent.

36.     Claim 1 requires:

A collapsible cart configured to transition from a closed condition where it is folded up to an open condition where it is expanded for use, the collapsible cart comprising:

a rigid frame forming a compartment, the rigid frame having a front wall, a rear wall, a right sidewall, a left sidewall, and a bottom wall, the right sidewall and the left sidewall are configured to fold inwardly in the closed condition; the right sidewall comprising a first right panel rotatably coupled to a second right panel;

a first track formed along the first right panel and the second right panel extending from a first position on the first right panel to a second position on the second right panel; and

a first slideable member cooperatively engaged to the first track, the first slideable member is movable along the first track between an open position to a closed position to selectively lock the first right panel to the second right panel, wherein the first slideable member is

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

in the open position when disposed along the first track adjacent the first position of the first track while not disposed along the second right panel and is in the closed position when disposed along the first track adjacent the second position of the first track while being disposed across both the first right panel and second right panel.

*See* Exhibit. 1 at 7:14-38.

37.    Claim 10 requires:

A collapsible cart configured to transition from a closed condition where it is folded up to an open condition where it is expanded for use, the collapsible cart comprising:

a rigid frame forming a compartment in the open condition, the rigid frame having a front wall, a rear wall, a right sidewall, a left sidewall, and a bottom wall,

wherein the right sidewall and the left sidewall are configured to fold inwardly in the closed condition,

wherein the right sidewall comprises a first right panel rotatably coupled to a second right panel,

wherein the first right panel comprises a first locking member in the open condition and the closed condition, and the second right panel comprises a second locking member in the open condition and the

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

1    closed condition, and

2    wherein the first locking member cooperatively engages the second

3    locking member to selectively align the first right panel with the

4    second right panel.

5    *See* Exhibit. 1 at 8:15-32.

6    38.    Claim 16 requires:

7    A collapsible cart configured to transition from a closed condition

8    where it is folded up to an open condition where it is expanded for

9    use, the collapsible cart comprising:

10    a rigid frame forming a compartment in the open condition, the rigid

11    frame having a front wall, a rear wall, a right sidewall, a left sidewall,

12    and a bottom wall, the right sidewall and the left sidewall are

13    configured to fold inwardly in the closed condition, the right sidewall

14    comprising a first right panel rotatably coupled to a second right

15    panel;

16    a first lock assembly integrated with the first right panel and the

17    second right panel and configured to selectively lock the first right

18    panel with the second right panel in the open condition, the first lock

19    assembly having a first condition for locking the first right panel with

20    the second right panel in the open condition, and a second condition

COMPLAINT FOR DECLARATORY
JUDGMENT AND OTHER RELIEF                - 12 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

1    for unlocking the first right panel from the second right panel, and

2    wherein the first lock assembly is integrated with the first right panel

3    and the second right panel in both the closed condition and in the

4    open condition.

5    *See* Exhibit. 1 at 8:56-9:9.

6        39.    Claim 22 requires:

7        A collapsible cart configured to transition from a closed condition

8        where it is folded up to an open condition where it is expanded for

9        use, the collapsible cart comprising:

10       a frame defining a compartment, wherein:

11       the frame comprises at least five walls, including a first wall, a

12       second wall, a third wall, a fourth wall, and a fifth wall;

13       at least three of the walls are configured to fold inwardly toward the

14       fifth wall when the cart is in the closed condition;

15       the third wall comprises a first panel and a second panel, the second

16       panel rotatably coupled to the first panel;

17       a first fastener configured to selectively secure the first panel and the

18       second panel in the open condition, the first fastener operable

19       between a first state for securing the first panel and the second panel

20       along a first plane in the open condition, and a second state for

COMPLAINT FOR DECLARATORY
JUDGMENT AND OTHER RELIEF                    - 13 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

1    releasing the first panel and the second panel from the first plane; and

2    wherein the first fastener is integrated with the first right panel and

3    the second right panel in both the closed condition and in the open

4    condition.

5    *See* Exhibit. 1 at 9:28-10:16.

6    **2.    The '546 Patent**

7    40.    The '546 Patent lists dbest products, Inc. as the applicant and

8    assignee. *See* Exhibit. 2,  the '546 Patent, at 1.

9    41.    The '546 Patent, titled "Collapsible carts," describes its purported

10    invention as "a collapsible cart configured to transition from a closed condition

11    where it may be folded up to an open condition where it may be expanded for use."

12    42.    Claims 1, 9 and 17 are the only independent claims of the '546 Patent.

13    43.    Claim 1 requires:

14    A collapsible cart configured to transition from a closed condition

15    where it is folded up to an open condition where it is expanded for

16    use, the collapsible cart comprising:

17    a frame defining a compartment, wherein:

18    the frame comprises at least five walls, with at least three of the walls

19    configured to rotatably fold inwardly when the cart is folded up into

20    the closed condition, two of which are opposing walls;

COMPLAINT FOR DECLARATORY
JUDGMENT AND OTHER RELIEF        - 14 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

1  the two opposing walls each being rotatably coupled to a wall that

2  does not fold inwardly when the cart is folded up into the closed

3  condition;

4  one of the two opposing walls consists of a first panel and a second

5  panel; and

6  the second panel rotatably coupled to the first panel;

7  a first latch part disposed on an edge of the first panel when the

8  collapsible cart is in the closed condition and the open condition; and

9  a second latch part disposed on an edge of the second panel when the

10  collapsible cart is in the closed condition and the open condition,

11  wherein

12  the first latch part and the second latch part are configured to mate

13  with one another and hold the first and second panels in a common

14  plane when the first and second latch parts are latched together; and

15  when the first and second latch parts are unlatched from one another,

16  the second panel is capable of rotating relative to the first panel..

17  *See* Exhibit. 2 at 13:19-45.

18  44.    Claim 9 requires:

19  A collapsible cart configured to transition from a closed condition

20  where it is folded up to an open condition where it is expanded for

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

1    use, the collapsible cart comprising:

2    a frame defining a compartment, wherein:

3    the frame comprises at least five walls, including a first wall, a

4    second wall, a third wall, a fourth wall, and a fifth wall;

5    at least three of the walls are configured to fold inwardly toward the

6    fifth wall when the cart is in the closed condition;

7    the third wall comprises a first panel and a second panel, the second

8    panel rotatably coupled to the first panel;

9    a fastener configured to selectively secure the first panel and the

10    second panel in a substantially coplanar alignment, the fastener

11    comprising:

12    a first fastener member integrally disposed on an edge of the first

13    panel when the collapsible cart is in the closed condition and the

14    open condition; and

15    a second fastener member integrally disposed on an edge of the

16    second panel when the collapsible cart is in the closed condition and

17    the open condition;

18    wherein the first fastener member and the second fastener member

19    are configured to mate with one another to hold the first panel and

20    the second panel in the substantially coplanar alignment; and wherein,

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

1    when the first fastener member and the second fastener member are

2    disengaged, the second panel is capable of rotating relative to the first

3    panel..

4    *See* Exhibit. 1 at 9:1-30.

5         45.    Claim 17 requires:

6         A collapsible cart configured to transition from a closed condition

7         where it is folded up to an open condition where it is expanded for

8         use, the collapsible cart comprising:

9         a frame defining a compartment, wherein:

10        the frame comprises a first wall, a second wall, a third wall, a fourth

11        wall, and a fifth wall;

12        at least the first, second, and third walls are configured to fold

13        inwardly toward the fifth wall to the closed condition;

14        the third wall comprises a first panel and a second panel, the second

15        panel rotatably coupled to the first panel;

16        the first wall and the second wall each have a height from top to

17        bottom;

18        the third wall and the fourth wall each have a length from one edge to

19        another; and

20        the height of each of the first and second walls is less than half the

COMPLAINT FOR DECLARATORY
JUDGMENT AND OTHER RELIEF          - 17 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

length of each of the third and fourth walls, such that the first and second walls are substantially coplanar with each other when folded inwardly to the closed condition;

a coupler configured to selectively secure the first panel and the second panel in a substantially coplanar alignment, the coupler comprising:

a first coupler member disposed on an edge of the first panel when the collapsible cart is in the closed condition and the open condition; and

a second coupler member disposed on an edge of the second panel when the collapsible cart is in the closed condition and the open condition;

wherein the first coupler member and the second coupler member are configured to mate with one another to hold the first panel and the second panel in the substantially coplanar alignment; and

wherein, when the first coupler member and the second coupler member are disengaged, the second panel is able to rotate relative to the first panel

*See* Exhibit. 1 at 14:56-15:24.

## COUNT I

COMPLAINT FOR DECLARATORY
JUDGMENT AND OTHER RELIEF                - 18 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

**<u>Declaratory Judgment of Non-Infringement of U.S. Patent No. 12,275,446</u>**

46.    Plaintiffs repeat and reallege each of the preceding paragraphs as if fully set forth herein and incorporate them by reference.

47.    Plaintiffs have not infringed and do not infringe any valid and enforceable claim of the '446 Patent either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, including through the making, use, importation into the United States, sale, and/or offer for sale of Plaintiffs' Non-Infringing Products.

48.    The Non-Infringing Products do not infringe at least claim 1 of the '446 Patent because they do not include "a first slideable member cooperatively engaged to the first track."

49.    The Non-Infringing Products do not infringe at least claim 10 of the '446 Patent because they do not include "the first locking member cooperatively engages the second locking member to selectively align the first right panel with the second right panel."

50.    The Non-Infringing Products do not infringe at least claim 16 of the '446 Patent because they do not include "a first lock assembly having a first condition for locking the first right panel with the second right panel in the open condition, and a second condition for unlocking the first right panel from the second right panel."

COMPLAINT FOR DECLARATORY
JUDGMENT AND OTHER RELIEF                - 19 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

51. The Non-Infringing Products do not infringe at least claim 22 of the '446 Patent because they do not include "a first fastener configured to selectively secure the first panel and the second panel in the open condition."

52. Additionally, the Non-Infringing Products are not a "cart," as that term is properly construed. According to its plain and ordinary meaning, a "cart" refers to a small vehicle used to carry or transport items. The Non-Infringing Products are not used for transportation and serve solely as stationary storage containers. No reasonable consumer would consider them to be a transportation tool.

53. An actual and justiciable case or controversy therefore exists between Plaintiffs and Defendant regarding whether the Non-Infringing Products have infringed the claims of the '446 Patent. Declaratory relief is thus appropriate and necessary to establish that the making, using, importation, sale, or offer for sale of the Non-Infringing Products does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '446 Patent. Plaintiffs are entitled to a judgment declaring that they have not infringed and will not infringe any claim of the '446 Patent.

## **COUNT II**

## **Declaratory Judgment of Non-Infringement of U.S. Patent No. 12,304,546**

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

54.    Plaintiffs repeat and reallege each of the preceding paragraphs as if fully set forth herein and incorporate them by reference.

55.    Plaintiffs have not infringed and do not infringe any valid and enforceable claim of the '546 Patent either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, including through the making, use, importation into the United States, sale, and/or offer for sale of Plaintiffs' Non-Infringing Products.

56.    The Non-Infringing Products do not infringe at least claim 1 of the '546 Patent because they do not include "the first latch part and the second latch part are configured to mate with one another and hold the first and second panels in a common plane when the first and second latch parts are latched together."

57.    The Non-Infringing Products do not infringe at least claim 9 of the '546 Patent because they do not include "a fastener configured to selectively secure the first panel and the second panel in a substantially coplanar alignment."

58.    The Non-Infringing Products do not infringe at least claim 17 of the '546 Patent because they do not include "a coupler configured to selectively secure the first panel and the second panel in a substantially coplanar alignment."

59.    Additionally, the Non-Infringing Products are not a "cart," as that term is properly construed. According to its plain and ordinary meaning, a "cart" refers to a small vehicle used to carry or transport items. The Non-Infringing Products are not

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

used for transportation and serve solely as stationary storage containers. No reasonable consumer would consider them to be a transportation tool.

**60.**     An actual and justiciable case or controversy therefore exists between Plaintiffs and Defendant regarding whether the Non-Infringing Products have infringed the claims of the '546 Patent. Declaratory relief is thus appropriate and necessary to establish that the making, using, importation, sale, or offer for sale of the Non-Infringing Products does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '546 Patent. Plaintiffs are entitled to a judgment declaring that they have not infringed and will not infringe any claim of the '546 Patent..

## <u>COUNT III</u>

### State Law Unfair Competition – Cal. Bus. & Prof. Code § 17200

61.     Plaintiffs repeat and reallege each of the preceding paragraphs as if they were restated here and incorporate them by reference.

62.     Defendant's acts, as set forth above, constitute unlawful, unfair, and/or fraudulent business practices as defined under California Business and Professions Code § 17200, et seq.

63.     Defendant has acted unlawfully and unfairly by submitting baseless complaints to Amazon that resulted in the wrongful removal of Plaintiffs' Non-Infringing Products from Amazon.com.

COMPLAINT FOR DECLARATORY
JUDGMENT AND OTHER RELIEF                    - 22 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

64.    By abusing Amazon's intellectual property enforcement procedures, Defendant caused significant disruption to Plaintiffs' business operations, including the removal of the Non-Infringing Products that do not infringe any valid intellectual property rights.

65.    As a direct and proximate result of Defendant's unfair competition, Plaintiffs have been, and continue to be, materially harmed in an amount to be proven at trial.

## COUNT IV

### Tortious Interference

66.    Plaintiffs repeat and reallege each of the preceding paragraphs as if they were restated here and incorporate them by reference.

67.    Plaintiffs entered into the "Amazon Services Business Solutions Agreement," along with other agreements with Amazon, and conduct business through storefronts on Amazon.com. Accordingly, Plaintiffs enjoyed economic relationships with Amazon and their existing customers, with a probability of future economic benefit had the Non-Infringing Products not been removed from the Amazon marketplace. Defendant knowingly and intentionally interfered with Plaintiffs' valid and existing business relationships and expectancy of sales of their products, including the Non-Infringing Products, via Amazon.com for an improper purpose and by improper means, causing Amazon to remove the ASINs for the Non-

COMPLAINT FOR DECLARATORY
JUDGMENT AND OTHER RELIEF                - 23 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

1  Infringing Products.

2      68.    As a direct and proximate result of Defendant's tortious interference,

3  Plaintiffs have suffered damages, including significant losses in sales of the Non-

4  Infringing Products and other products, resulting in lost revenue and profits directly

5  attributable to those lost sales.

6      69.    Defendant's actions have significantly harmed Plaintiffs' business

7  operations by substantially reducing product rankings on Amazon, which directly

8  impacts Plaintiffs' product reviews, ratings, and Amazon rankings, thereby resulting

9  in lower product visibility in consumer searches and diminishing market presence.

10     70.    The reduced rankings and visibility have caused substantial losses in

11 sales and profits. Additionally, they have led to increased warehousing and

12 inventory holding costs due to reduced product turnover. These damages extend

13 beyond lost revenue, causing harm to Plaintiffs' goodwill and brand reputation,

14 which are essential for maintaining competitive standing in the market. The exact

15 amount of these damages will be proven at trial.

16

17                              **PRAYER FOR RELIEF**

18     WHEREFORE, Plaintiffs pray for the following relief:

19     A.    A judgment declaring that the manufacture, use, offer for sale, sale,

20 and/or importation of Plaintiffs ' Non-Infringing Products have not infringed and

COMPLAINT FOR DECLARATORY
JUDGMENT AND OTHER RELIEF                    - 24 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '446 or '546 Patents;

B.    A permanent injunction enjoining Defendant from asserting the '446 and '546 Patents against Plaintiffs' Non-Infringing Products;

C.    Entry of judgment finding Defendant liable for tortious interference with Plaintiffs' business relationships;

D.    Entry of judgment finding Defendant liable for unfair competition under California Business and Professions Code § 17200, et seq.;

E.    An award of compensatory damages sufficient to make Plaintiffs whole for the harm caused by Defendant's conduct;

F.    An award of punitive damages in an amount to be determined at trial;

G.    An award of reasonable attorneys' fees, to the extent authorized by law;

H.    An award of Plaintiffs' costs in this action;

I.    All such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims and issues so triable.

DATED:  June 26, 2025                **SHM LAW FIRM**

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

COMPLAINT FOR DECLARATORY
JUDGMENT AND OTHER RELIEF                - 25 -

By:   */s/ Qianwu Yang*
    QIANWU YANG  (Cal. Bar No. 336610)
    yang@shm.law
    YI YI (Cal. Bar No. 353482)
    yi.yi@shm.law
    AOYU YANG (Cal. Bar No. 360674)
    yang.aoyu@shm.law
    **SHM LAW FIRM**
    3000 El Camino Real
    Building 4, Suite 200
    Palo Alto, CA 94306
    Telephone: (650) 613-9737
    Telephone:+8613925212009

    *Attorneys for Plaintiffs*
    iBeauty Limited Company,
    Dongguan Xianghuo Trading Co., Ltd.,
    Dongguan Laiyang Trading Co., Ltd.,
    Guangzhou Linyu Trading Co., Ltd.,
    Guangzhou Lincan Electronic Technology
    Co., Ltd., and
    Guangzhou Senran Electronic Technology
    Co., Ltd.

COMPLAINT FOR DECLARATORY
JUDGMENT AND OTHER RELIEF        - 26 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737